U.S. DISTRICT COURT E.D.N.Y.
★ APR 08 2009 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------x
JOSEPH LICARI,

Plaintiff,

- against -

DOUGLAS ELLIMAN PROPERTY MANAGEMENT,

Defendant.
--------------------------------------------------x

09 1447

COMPLAINT

WEINSTEIN, J.

REYES, M.J.

Plaintiff, **JOSEPH LICARI**, by and through his attorneys, **THOMAS F. BELLO, ESQ., P.C.**, complaining of the Defendant, hereby alleges as follows:

**PRELIMINARY STATEMENT**

1. This action arises from unlawful employment discrimination by the Defendant against the Plaintiff on the basis of Title VII of the Civil Rights Act of 1964 and the Plaintiff's age in violation of the Age Discrimination in Employment Act (29 U.S.C. Sec. 621-634).

2. Specifically, the Plaintiff alleges that the Defendant wantonly, recklessly, knowingly and purposefully sought to and did deprive plaintiff of employment, position, title and pay through a pattern of discrimination, retaliation, misrepresentation, harassment, character assassination, and abuse and manipulation of laws rules and regulations.

3. Said acts were done knowingly, with the consent and condonation of the Defendant Douglas Elliman Property Management with the intended and expressed purpose of punishing, silencing, isolating, removing and violation of the rights of plaintiff as protected by statutes, rules and regulations. Said activity was known to officials, directors, supervisors and policy makers and was accepted and supported as policy, practice and custom.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this action pursuant to 28 U.S.C. Sec. 1331. This action properly lies in the United States District Court, Eastern District of New York pursuant to 28 U.S.C. 1391(b)(1) in that Defendant does business in this District.

## PARTIES

5. Plaintiff is a resident of the State of New York, County of New York.

6. Upon information and belief, at all times hereinafter mentioned, Defendant Douglas Elliman Property Management, (hereinafter referred to as "Douglas Elliman") was and still is a corporation duly organized and existing by virtue of the laws of the States of New York and having a place of business located at 405 West 23rd Street, New York, NY 10011.

## FACTUAL ALLEGATIONS

7. Plaintiff is a male over the age of forty (40). Plaintiff's date of birth is October 26, 1927.

8. Plaintiff was hired by the Defendant in or about 1995. His job title at that time was and remained up until his termination "Relief Lobby Attendant". Plaintiff worked at a minimum of 4 hours each afternoon, 5 days per week. Plaintiff was excellent in his duties and was well regarded by coworkers as well as tenants in the building where Plaintiff was employed.

9. Since April of 2005 Plaintiff has been targeted in many ways to be terminated. Defendants actions however were never warranted nor justified and were merely pretextual in nature in an attempt to disguise the real motive which was age discrimination. Comments were made by Management regarding Plaintiff's age and inquiring as to when he would be retiring.

10. The first attempt by Defendants to eliminate Plaintiff's employment was in April of 2005 when Plaintiff was purportedly laid off as a result of a reduction in force. However Plaintiff was the only person laid off at that time and was targeted by his supervisor Owen Sullivan. Upon Plaintiff's filing grievance with the Union he regained his position back working new hours beginning Monday May 16, 2005.

11. Plaintiff was to begin his new shift on May 16, 2005 at 7am and work to 3pm Monday thru Wednesdays. As instructed he reported to work at 7am. Due to his medical condition, prostate cancer, Plaintiff had to go to the restroom immediately. Upon his return from the restroom, just 1 hour and 55 minutes into his new tour, Plaintiff was immediately terminated. Plaintiff challenged his termination when he filed for unemployment benefits with the New York State Department of Labor, Division of Unemployment Insurance.

12. Although the Defendant maintained that Plaintiff abandoned his position, a finding was made by the Administrative Law Judge after a hearing that "The credible evidence establishes that the claimant (Plaintiff) had a personal emergency that required him to rush to a nearby restroom. The claimant was absent less than 5 minutes and immediately returned to his post. The claimant had good cause for his absence and his absence failed to rise to the level of misconduct." Hence finding Defendants reasons to be nothing more than another pretext for another attempt to terminate the Plaintiff's employment based upon his age. Although Plaintiff was reinstated to work on September 22, 2005, he was again summarily terminated for no reason on November 21, 2005. Once again Defendants maintained that he refused to accept their decision to eliminate the 4 hour Relief Lobby Attendant shift. This again was pretextual and Plaintiff's position is being performed by individuals much younger than Plaintiff since his termination.

13. Upon information and belief, the Defendants actions of discriminating against employees over the age of forty (40) is a pattern of unlawful treatment which continues to this date.

14. Upon information and belief, this discrimination has caused everlasting harm, embarrassment, humiliation, demoralization and mental anguish.

**AS AND FOR A FIRST CAUSE OF ACTION**

**Age Discrimination Disparate Treatment**

15. Plaintiff repeats and alleges each and every allegation contained in paragraphs 1. through 14..

16. Plaintiff was at all times material hereto an employee covered by the Age Discrimination in Employment Act (29 U.S.C.A. Section 621), prohibiting discrimination in employment on the basis of age, in that Plaintiff was a member of the protected and recognized group of workers over the age of 40.

17. At all times material hereto, Defendant was an employer within the meaning of the Age Discrimination in Employment Act (29 U.S.C.A. section 621), and as such was prohibited from discriminating in employment decisions on the basis of age.

18. Defendant discriminated against Plaintiff in violation of the Age Discrimination in Employment Act by denying him similar privileges of employment, taking away his job responsibilities, inconsistent with his work performance, all on the basis of his age. Defendant repeatedly tarnished Plaintiff's personal and professional reputation and credibility by their actions, wherein subjecting Plaintiff to such treatment,

with the untrue implication to Plaintiff's peers, co-workers and others in contact with Plaintiff that Plaintiff was less competent than others in the department.

19. As a proximate result of Defendant's actions, Plaintiff has suffered and continues to suffer severe and lasting embarrassment, humiliation and anguish, and other incidental and consequential damages and expenses, all to Plaintiff's damage in an amount according to proof.

20. The conduct of Defendant was outrageous, was done in a deliberate, callous, malicious, fraudulent and oppressive manner intended to injure Plaintiff, was with an improper motive amounting to malice and spite caused by bias and was done in conscious disregard of Plaintiff's rights.

21. As a result of Defendant's intentional actions Plaintiff's was terminated on the basis of his age therefore entitling Plaintiff to doubling her special damages pursuant to 29 U.S.C.A. section 626(b).

22. Plaintiff filed a timely charge of discrimination with the Equal Employment Opportunity Commission, and received a Notice of Right to Sue. Therefore, Plaintiff has exhausted all available and required administrative remedies.

**JURY TRIAL DEMAND**

23. Plaintiff demands a trial by jury on all issues.

## PRAYER FOR RELIEF

**DAMAGES**

A. Back pay, Frontpay, difference in pension benefits and any other retroactive privileges of employment Plaintiff would have incurred if he would have remained under the employ of Defendant;

Compensatory and punitive damages for professional humiliation, embarrassment and emotional distress in the amount of Two Million ($2.000,000.00) Dollars;

Double damages as a result of Defendant's willful conduct.

**B.** An award of attorneys' fees, costs and disbursement of this action;

C. Any and other relief which this Court deems just and proper.

Dated: April 2, 2009
Staten Island, New York

Yours, etc.,

**THOMAS F. BELLO, ESQ., P.C.**
Attorneys for Plaintiff

By ______________________
Thomas F. Bello, Esq.
(TFB 1625)
42B Seth Court
Staten Island, NY 10301
(718) 981-9191

TO: Douglas Elliman Property Management
405 West 23rd Street
New York, NY 10011

http://web2.westlaw.com/print/printstream.aspx?rs=WLW8.04&destination=atp&prft=HTML&F 4/28/2008

JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS** Joseph Licari

**DEFENDANTS** Douglas Elliman Property Management

(b) County of Residence of First Listed Plaintiff New York
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant New York
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

FILED IN CLERK'S OFFICE U.S. DISTRICT COURT E.D.N.Y. ★ APR 08 2009 ★ BROOKLYN OFFICE

09 1447

(c) Attorney's (Firm Name, Address, and Telephone Number)
Thomas F. Bello, Esq., 718-981-9191
42B Seth Court Staten Island, NY 10301

Attorneys (If Known)
Reavis Parent Lehrer LLP

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

WEINSTEIN, J.

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**TORTS**

PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

PERSONAL INJURY
- ☐ 362 Personal Injury - Med. Malpractice
- ☐ 365 Personal Injury - Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**FORFEITURE/PENALTY**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs.
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt.Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 463 Habeas Corpus - Alien Detainee
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**CIVIL RIGHTS**
- ☐ 441 Voting
- ☒ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 444 Welfare
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 440 Other Civil Rights

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence

Habeas Corpus:
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**V. ORIGIN** (Place an "X" in One Box Only)

☒ 1 Original Proceeding ☐ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify) ☐ 6 Multidistrict Litigation ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
Title VII of the Civil Rights Act of 1964 and the Age Discrimination in Employment Act of 1967
Brief description of cause:
The Defendant has subjected Plaintiff to adverse employment actions.

**VII. REQUESTED IN COMPLAINT:** ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 DEMAND $ CHECK YES only if demanded in complaint: JURY DEMAND: ☒ Yes ☐ No

**VIII. RELATED CASE(S) IF ANY** (See instructions): JUDGE DOCKET NUMBER

DATE SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY

RECEIPT # AMOUNT APPLYING IFP JUDGE JBW MAG. JUDGE RER

09-1447

## ARBITRATION CERTIFICATION

I, Thomas F. Bello, counsel for Plaintiff Joseph Licari do hereby certify pursuant to the Local Arbitration Rule 83.10 that to the best of my knowledge and belief the damages recoverable in the above captioned civil action exceed the sum of $150,000 exclusive of interest and costs.

__________ Relief other than monetary damages is sought.

---

## DISCLOSURE STATEMENT - FEDERAL RULES CIVIL PROCEDURE 7.1

Identify any parent corporation and any publicly held corporation that owns 10% or more or its stocks:
None

**Please refer to NY-E Division of Business Rule 50.1(d)(2)**

1.) Is the civil action being filed in the Eastern District of New York removed from a New York State court located in Nassau or Suffolk County: NO

2.) If you answered "no" above:

a.) Did the events or omissions giving rise to the claim or claims, or a substantial part thereof, occur in Nassau or Suffolk County? No

b.) Did the events or omissions giving rise to the claim or claims, or a substantial part thereof, occur in the Eastern District? NO

If your answer to question 2 (b) is "No," does the defendant (or a majority of the defendants, if there is more than one) reside in Nassau or Suffolk County, or, in an interpleader action, does the claimant (or a majority of the claimants, if there is more than one) reside in Nassau or Suffolk County? NO

(Note: A corporation shall be considered a resident of the County in which it has the most significant contacts).

---

**I am currently admitted in the Eastern District of New York and currently a member in good standing of the bar of this court.**

**Yes** ✓ **No** ____

**Are you currently the subject of any disciplinary action(s) in this or any other state or federal court?**

**Yes** ____ **(If yes, please explain)** **No** ✓

Please provide your E-MAIL Address and bar code below. Your bar code consists of the initials of your first and last name and the last four digits of your social security number or any other four digit number registered by the attorney with the Clerk of Court.
(This information must be provided pursuant to local rule 11.1(b) of the civil rules).

**ATTORNEY BAR CODE:** TFB1625

**E-MAIL Address:** tfblaw@msn.com

I consent to the use of electronic filing procedures adopted by the Court in Administrative Order No. 97-12, "In re Electronic Filing Procedures (EFP)", and consent to the electronic service of all papers.

**Signature:** [signature]