USDC SDNY
DOCUMENT
ELECTRONIC...
DOC #: _____
DATE FILED: 1\13\2011

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
JOSEPH LICARI,                          :
                      Plaintiff,        :
                                        :
           -v-                          :     09 Civ. 6934(DLC)
                                        :
DOUGLAS ELLIMAN PROPERTY MANAGEMENT,    :     MEMORANDUM OPINION
                      Defendant.        :        AND ORDER
----------------------------------------X
```

DENISE COTE, District Judge:

Despite a November 12, 2010 Order ("November 12 Order") compelling the plaintiff to comply with the defendant's discovery demands and notice of deposition, on December 10, plaintiff failed to appear for a properly noticed deposition. By Order dated December 14, 2010, plaintiff was instructed that his case would be dismissed for failure to prosecute unless by January 4, 2011, plaintiff demonstrated cause for failing to comply with the November 12 Order. By letter dated December 29, 2010, plaintiff indicates that he has been unable to find an attorney to represent him. The letter, however, does not offer any reason as to why the plaintiff did not attend the December 10 deposition.

Rule 41(b) authorizes dismissal of a complaint "[i]f the plaintiff fails to prosecute or to comply with . . . a court order." Fed. R. Civ. P. 41(b). To determine whether the complaint should be dismissed for failure to prosecute, five factors must be analyzed: (1) whether the failure to prosecute

caused a significant delay; (2) whether the plaintiff was given notice that further delay would result in dismissal; (3) whether the defendant is likely to be prejudiced by the delay; (4) whether any need to alleviate court calendar congestion outweighs the plaintiff's right to its day in court; and, (5) whether lesser sanctions are appropriate. Lewis v. Rawson, 564 F.3d 569, 575-82 (2d Cir. 2009); United States ex. Rel. Drake v. Norden Sys., Inc., 375 F.3d 248, 254-58 (2d Cir. 2004); Shannon v. Gen. Elec. Co., 186 F.3d 186, 194-96 (2d Cir. 1999). In analyzing the factors, the court reviews the record as a whole, conscious of the fact that dismissal is a harsh remedy to be used "only in extreme situations." Drake, 375 F.3d at 254. A dismissal with prejudice ordinarily occurs as a sanction for "dilatory tactics during the course of litigation or for failure to follow a court order." Lewis, 564 F.3d at 576.

Dismissal for failure to prosecute is appropriate in this case. The defendant has been unable to investigate the plaintiff's claim due to his failure to attend his deposition, respond to written interrogatories, and comply with document requests. By Order dated December 14, the plaintiff was warned that his case would be dismissed if he did not show cause as to why he failed to appear for his deposition. At this juncture, the defendant would be prejudiced by further delay since it has already asked twice for this case to be dismissed and, on

2

multiple occasions, it has requested that plaintiff comply with his discovery obligations. Requiring further efforts on the part of the defendant at this point would be fruitless and would waste the defendant's time and resources.

Weighing "court calendar congestion" carefully against the plaintiff's right to an opportunity for a day in court also favors dismissal. Other than the complaint, the plaintiff's only submissions to this Court continuously emphasize that the plaintiff has been unable to locate an attorney to replace the one who once represented him. The plaintiff has not offered any other reason as to why he cannot comply with his discovery obligations.

Lesser sanctions are unavailable because this case is still at the earliest stages; due to the plaintiff's refusal to cooperate, there has been little discovery. There is no evidence that the plaintiff could afford to pay any monetary sanction or that any lesser sanction short of dismissal would be effective. A dismissal with prejudice is an appropriate sanction based on the plaintiff's failure to comply with the defendant's reasonable discovery demands despite repeated requests by the defendant and two warnings from the Court. Moreover, the plaintiff has failed to provide any adequate explanation for his inability to participate in discovery.

CONCLUSION

The plaintiff's complaint is dismissed with prejudice for failure to prosecute. The Clerk of Court shall close the case.

SO ORDERED:

Dated:   New York, New York
         January 13, 2011

                                    _____
                                           DENISE COTE
                                    United States District Judge

4

COPIES SENT TO:

Joseph Licari
77 7th Avenue, Apt. 4L
New York, NY 10011

Thomas F. Bello
393 Lighthouse Ave.
Staten Island, NY 10306

Mark H. Moore
Reavis Parent Lehrer LLP
41 Madison Avenue, 41st Floor
New York, NY 10010